IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST C. WALKER,

      Plaintiff,                    No. CIV S-04-2075 LKK DAD P

    vs.

D. ALLBEE, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action arising from events that occurred at the Sacramento County Jail in 2002. On October 26, 2004, the court authorized service of the complaint on seven defendants. On December 20, 2004, all defendants joined in a motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not opposed the motion or responded to the motion in any way.

        "Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 78-230(m). By order filed November 17, 2004, plaintiff was specifically advised that "all motions to dismiss . . . shall be briefed pursuant to Local Rule 78-230(m)" and that "[f]ailure to oppose such a motion timely may be deemed a waiver of opposition to the motion." (Order filed Nov. 17, 2004, at 3.) Plaintiff was also

advised that "failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action." (Id. at 5.)  Plaintiff's copy of the November 17, 2004 order was accompanied by a complete set of the Local Rules.

Failure to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 11-110.  Plaintiff has failed to comply with Local Rule 78-230(m) and the court's November 17, 2004 order, despite having been cautioned that failure to oppose a motion to dismiss may be deemed a waiver of opposition to the motion.  In light of plaintiff's pro se status and in the interests of justice, the court will grant plaintiff a final opportunity to file his overdue opposition or statement of no opposition to defendants' motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's opposition or statement of no opposition to defendant's December 20, 2004 motion to dismiss shall be filed with the court and served on defendants' counsel within eighteen days, plus three for mailing, after the date on which this order is signed.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action.

2. Defendants' reply to any opposition filed by plaintiff shall be filed and served in accordance with Local Rule 78-230(m).

DATED: March 7, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
walk2075.46dosc

2