IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST C. WALKER,

        Plaintiff,                        No. CIV S-04-2075 LKK DAD P

   vs.

D. ALLBEE, et al.,

        Defendants.              <u>ORDER</u>

/

        This civil rights case was closed on May 18, 2005. Plaintiff now seeks to "resume" the case.

        On October 1, 2004, plaintiff filed a complaint concerning events that occurred at the Sacramento County Jail in 2002. On October 26, 2004, the undersigned authorized service of the complaint on seven defendants. On November 10, 2004, plaintiff submitted the documents required for service of the complaint. On December 20, 2004, defendants moved to dismiss the case with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not oppose the motion, did not seek an extension of time to do so, and did not respond to the court's order to show cause filed March 7, 2005. In accordance with applicable rules and orders, the undersigned recommended that this action be dismissed. Plaintiff did not file objections. On May 18, 2005, the district judge dismissed the case without prejudice.

1

1   Plaintiff's copies of the March 7, 2005 order to show cause and the April 1, 2005
2 findings and recommendations were returned to the court as undeliverable because plaintiff had
3 paroled and no forwarding address was available. Plaintiff's copies of the order and judgment
4 served May 18, 2005, were not returned to the court. All documents were served on plaintiff at
5 his address of record. Plaintiff filed no documents between November 10, 2004, when he
6 submitted the documents required for service, and January 23, 2006, when he submitted a letter
7 requesting his case number and a copy of his complaint. On February 1, 2006, the Clerk
8 provided plaintiff with a copy of the court's docket.

9   By a second letter to the Clerk, submitted five months after his previous letter,
10 plaintiff asks for copies of the documents docketed as #10 through #21. Plaintiff asserts that he
11 did not receive these documents. Although plaintiff alleges that he sent the court a notice of
12 change of address, he has not filed a declaration under penalty of perjury in which he provides
13 details concerning the alleged notice of change of address, and he has not submitted documentary
14 evidence such as a prison mail log showing that such a document was mailed to this court prior
15 to December 20, 2004, when document #10 was filed. Plaintiff offers no explanation for his
16 complete failure to prosecute this action in any way between November 10, 2004, and May 18,
17 2005. Plaintiff cites no legal grounds for reopening a case he abandoned.

18   The court will not provide plaintiff with free copies of documents that were filed
19 and properly served on plaintiff by defendants' counsel (#10-13), the United States Marshal
20 (#14), and the court (#15-21). In the case opening documents served on plaintiff on October 1,
21 2004, plaintiff was advised that a party must promptly inform the court of any change of address.
22 By order filed November 17, 2004, plaintiff was again advised of the notice requirement and was
23 further advised that "failure of any party to comply with this order, the Federal Rules of Civil
24 Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
25 not limited to, dismissal of the action." (Order #9 filed Nov. 17, 2004, at 5.) See also Local Rule
26 11-110 (providing that failure to comply with the Local Rules or any order of the court "may be

1  grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
2  within the inherent power of the Court"). Plaintiff's copy of the November 17, 2004 order was
3  accompanied by a complete set of the Local Rules.
4       This action was dismissed without prejudice. Plaintiff may therefore file a new
5  action. The court is unable to provide plaintiff with legal advice on such matters as the statute of
6  limitations, PLRA exhaustion requirements, and the legal standards that govern his claims. The
7  court cannot speculate on whether a new action will survive a motion to dismiss brought by the
8  defendants. If plaintiff chooses to file a new action, he shall not include the case number of this
9  closed case in the caption of his complaint, as a new case number will be assigned to the new
10 case. Plaintiff is informed that the filing fee is now $350.00.
11      Every document subsequently submitted for filing in this closed case will be
12 disregarded unless the document is submitted pursuant to a rule applicable to closed cases. No
13 orders will issue in response to documents not properly filed in this case.
14      In accordance with the above, IT IS HEREBY ORDERED that:
15      1. Plaintiff's June 22, 2006 request for free copies of the documents docketed in
16 this case as #10-21 is denied; and
17      2. The Clerk of the Court is directed to send plaintiff a copy of the form to be
18 used by a prisoner filing a civil rights action, together with the form to be used by a prisoner
19 requesting leave to proceed in forma pauperis.
20 DATED: July 5, 2006.

                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE

DAD:13
walk2075.58